In the Matter of the WESTCHESTER COUNTY BAR ASSOCIATION with Respect to MYRON J. SHON, Admitted as MEYER SHON, an Attorney, Respondent.

Second Department, June 30, 1941.

*Richard H. Levet*, for the petitioner.

*Myron J. Shon*, respondent, in person.

PER CURIAM. Motions in disciplinary proceedings to confirm reports of Honorable J. Addison Young, official referee, and Honorable RAYMOND E. ALDRICH, justice of the Supreme Court.

In May, 1939, respondent, who was admitted to the bar in April, 1926, was served with a petition containing eighteen charges.

After hearing before Honorable J. ADDISON YOUNG, official referee, the latter reported that respondent was guilty of (1) knowingly permitting persons who had been clients, debtors and frequenters of his office to serve on juries in the trial of negligence actions in which respondent appeared as trial counsel, and that respondent knowingly failed to reveal those facts to opposing counsel; (2) causing a client to execute a chattel mortgage, prepared by respondent, in favor of the client's mother, after the commencement of a negligence action against the client, for the purpose of hindering, delaying or defrauding the plaintiff in said negligence action, in violation of section 1170 of the Penal Law; (3) paying and utilizing a disbarred attorney to assist him in legal matters in connection with the trial and preparation for trial of certain actions against various life insurance companies; (4) causing a client to sign a false petition in bankruptcy, falsely omitting certain liabilities; (5) attempting to suborn certain witnesses to commit perjury in the preliminary inquiry; and (6) solicitation of negligence cases; and recommended his disbarment. The official referee also found respondent guilty of suborning one Friedman to commit perjury before the official referee, although no charge to that effect was contained in the petition. On the motion to confirm the report, respondent objected to the finding of guilt on the latter charge on the ground that the petition did not contain such a charge and he had not had an opportunity to be heard thereon, all in violation of section 476 of the Judiciary Law. As a result, petitioner moved this court for an order amending the petition by adding a charge to that effect. This motion was granted by an order which referred the matter to Honorable RAYMOND E. ALDRICH, justice of the Supreme Court, to hear and report. At the hearing before Judge ALDRICH and with respondent's consent, another charge was added — that respondent suborned said Friedman to testify falsely before the Westchester county grand jury, which indicted said Friedman for second degree perjury as a result of his false testimony before Judge YOUNG. Judge ALDRICH has reported that respondent is guilty of both charges referred to him.

This court finds that the facts warranted the following conclusions of the official referee:

1. That respondent permitted two men — (a) Friedman, with whom he was intimately acquainted; and (b) Dulman, a paid collection agent for a parcel of real estate owned by respondent — to sit on juries in the City Court of the City of Yonkers without advising the court and counsel of the close relationship.

2. That respondent caused a client to execute and deliver to his mother a chattel mortgage, after the commencement of a negligence action against said client, for the purpose of hindering, delay-

ing or defrauding the plaintiff in said negligence action, in violation of section 1170 of the Penal Law.

3. That respondent attempted to suborn one McCray to testify falsely before Mr. Justice DAVIS, who was conducting an investigation pursuant to an order of this court. Those who were acting in respondent's behalf in this connection were his partner Chachkes, an associate named Crohn, and an individual known as Bishop Taylor.

The court also approves the findings of the Honorable RAYMOND E. ALDRICH, justice of the Supreme Court, that:

1. Respondent suborned the above-named Friedman as a witness before Official Referee Young.

2. Respondent suborned said Friedman as a witness before a grand jury of Westchester county.

There are other acts of misconduct of which the official referee finds respondent guilty. But in view of the significant seriousness of the findings above referred to, it is not necessary to mention the others. The Honorable J. ADDISON YOUNG, official referee, and the Honorable RAYMOND E. ALDRICH, justice of the Supreme Court, judges of large experience, have given serious consideration to the charges brought against this respondent. The official referee, who included within his report the first of the charges that was heard before Mr. Justice ALDRICH and as to which Mr. Justice ALDRICH has found the respondent guilty, recommends that respondent be disbarred. Mr. Justice ALDRICH made no recommendation, stating that, in the absence of knowledge on the complete subject of all the charges and of the importance of the subject-matter before him to the balance of the charges, he did not feel that he should make any recommendation to this court as to what should be done if the report made by him were confirmed.

In view of the guilt of this respondent of the serious charges hereinbefore mentioned, the court is required to direct that respondent be disbarred.

The motions to confirm the report of Honorable J. ADDISON YOUNG, official referee, and the report of Honorable RAYMOND E. ALDRICH should be granted and the respondent disbarred.

Present — LAZANSKY, P. J., HAGARTY, CARSWELL, ADEL and TAYLOR, JJ.

Motions to confirm reports of Honorable J. ADDISON YOUNG, official referee, and Honorable RAYMOND E. ALDRICH, justice of the Supreme Court, granted, respondent disbarred and his name ordered to be struck from the roll of attorneys.